**PINNOCK & WAKEFIELD**
A Professional Corporation
Theodore A. Pinnock, Esq.     Bar #: 153434
David C. Wakefield, Esq.      Bar #: 185736
7851 Mission Center Court, Suite 310
Plaza Centre
San Diego, CA 92108
Telephone:  619.858.3671
Facsimile:  619.858.3646

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| BARBARA HUMPHREY,<br><br>Plaintiff,<br><br>v.<br><br>WILDROSE REAL ESTATE CORP;<br>And DOES 1 THROUGH 10, Inclusive<br><br>Defendants. | Case No. 3:08-cv-01543-LAB-JMA<br><br>**FIRST AMENDED CIVIL COMPLAINT: DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**<br>[42 U.S.C. 12182(a) ET. SEQ; CIVIL CODE 51, 52, 54, 54.1, 54.3]<br><br>**UNLIMITED CIVIL CASE – PERMANENT INJUNCTIVE RELIEF** |

**NAMED DEFENDANTS AND NAMED PLAINTIFF**

1.     Plaintiff is informed, believes and thereon alleges that Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California.   Plaintiff is informed and believes and thereon alleges that Defendant WILDROSE REAL ESTATE CORP is the owner, operator, and/or lessor/lessee of the real property and the public accommodation located thereon at the Property Address: 137 W SAN YSIDRO BLVD, SAN YSIDRO, CA 92173-2530; Assessor's Parcel Number: 666-030-16.  Defendant WILDROSE REAL ESTATE CORP c/o Registered Agent: PAUL WASSENAAR, located at 2223 AVENIDA DE LA PLAYA STE 104, LA JOLLA, CA 92037-3217 or 225 BROADWAY STE 1900, SAN DIEGO, CA 92101-5047.

2. The words Plaintiff and Plaintiffs as used herein specifically include BARBARA HUMPHREY.

3. Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of Defendant WILDROSE REAL ESTATE CORP.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

4. Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship.  Plaintiff is further informed and believe, and thereon allege, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

**CONCISE SET OF FACTS**

5. Plaintiff BARBARA HUMPHREY  (hereinafter "Plaintiff") has impairments which include spinal cord injuries.  Plaintiff said physical and mental impairments limit one or more of the following major life activities including but not limited to:  walking.

6. Plaintiff has physical impairments because their conditions affect one or more of the following body systems:  neurological, musculoskeletal, special sense organs, and/or cardiovascular.

7. Further, Plaintiff said physical impairments substantially limits one or more of the following major life activities.

8. In addition, Plaintiff cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person.  Moreover, Plaintiff has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

9. On June 2008, Plaintiff BARBARA HUMPHREY went to Defendants' public

accommodation facilities located at Property Address: 137 W SAN YSIDRO BLVD, SAN YSIDRO, CA 92173-2530; Assessor's Parcel Number: 666-030-16 to utilize their goods and/or services.  When Plaintiff BARBARA HUMPHREY patronized Defendants' public accommodation facilities, she was unable to use and/or had difficulty using the public accommodations' facilities including but not limited to the barriers to access listed herein and said facilities were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within their public accommodation facilities as required.

10.     Plaintiff BARBARA HUMPHREY personally experienced difficulty with said access barriers as listed herein to the present Complaint at Defendants' public accommodation facilities located on the Property and/or has knowledge of said access barriers and is presently deterred from accessing the public accommodation.    Plaintiff alleges that these known barriers to access are not an exhaustive list of the barriers to access that exist at Defendants' facilities.

11.     The Plaintiff went to the property 137 W San Ysidro Blvd.  The property doesn't have any disabled parking and signs.  Also there is no ramp to get into the building.

12.     Plaintiff intends to return to Defendants' public accommodation facilities in the immediate future.  Plaintiff was deterred and is presently deterred from returning due to her knowledge of the barriers to access that exist at Defendants' facilities.

13.     Pursuant to federal and state law, Defendants are required t\o remove barriers to their existing facilities.  Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992.  Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

14.     Plaintiff believes and herein alleges Defendants' facilities have access violations not directly experienced by Plaintiff which would preclude or limit access by Plaintiff potentially

including but not limited to violations of the ADA, ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A) and Title 24 of the California Building Code.  Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments. Plaintiff is entitled to injunctive relief to remove all barriers to access that are related to his disability even those barriers that are only known to exist but are not directly experienced by plaintiff.  *Doran v 7-Eleven Inc,* 2007 U.S.App.Lexis 26143 (9th Cir 2007).

15.     Based on these facts, Plaintiff alleges she was discriminated against each time he patronized and/or was deterred from patronizing Defendants' facilities.  Plaintiff was extremely upset due to Defendants' conduct.

16.     Plaintiff is not required to provide notice to the defendants prior to filing a complaint and/or to recover attorney fees and costs.  *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000).  *Skaff v Meridien*, 2007 U.S. App. LEXIS 25516 (9th Cir 2007).

**WHAT CLAIMS ARE PLAINTIFF ALLEGING AGAINST EACH NAMED DEFENDANT**

17.     Defendants WILDROSE REAL ESTATE CORP and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

18.     Plaintiff avers that the Defendants are liable for the following claims as alleged below:

**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Claims Under The Americans With Disabilities Act Of 1990**

Claim I

19.     Based on the facts stated above, Defendants discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public   accommodation as Defendants own, lease (or lease to), or operate a   place of public accommodation in violation of 42 U.S.C. §12182.

Claim II

20. Based on the facts stated above, Defendants discriminated against Plaintiff directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity in violation of 42 U.S.C. §12182.

Claim III

21. Based on the facts stated above, Defendants discriminated against Plaintiff as it is discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S.C. §12182.

Claim IV

22. Based on the facts stated above, Defendants discriminated against Plaintiff as it is discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals.

Claim V

23. Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants failed to afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual in violation of 42 U.S.C. §12182.

Claim VI

24. Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants utilized standards or criteria or methods of administration that have the effect of discriminating on the basis of disability; or that perpetuate the discrimination of others who are subject to common administrative control in violation of 42 U.S.C. §12182.

Claim VII

25. Based on the facts stated above, Defendants discriminated against Plaintiff as it is discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association in violation of 42 U.S.C. §12182. See Niece v. Fitzner 922 F. Supp. 1208 (1996)

Claim VIII

26. Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants engaged in the specific prohibitions as stated in 42 U.S.C. §12182.

Claim IX

27. Based on the facts stated above, Defendants discriminated against Plaintiff as Defendant failed to demonstrate that the removal of a barrier is not readily achievable, and made such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods in a segregated manner in violation of 42 U.S.C. §12182. Plaintiff is entitled to injunctive relief to remove all barriers to access that are related to her disability even those barriers that are only known to exist but are not directly experienced by plaintiff. *Doran v 7-Eleven Inc,* 2007 U.S.App.Lexis 26143 (9th Cir 2007).

Claim X

28. Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants altered the use of their establishment in a manner that affected or could have affected the usability of the facility or part thereof and failed to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities in violation of 42 U.S.C. §12183.

29. WHEREFORE, Plaintiff pray for judgment and relief as hereinafter set forth.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

30. Based on the facts plead above and elsewhere in this complaint, Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.

### CLAIM II: **Failure To Modify Practices, Policies And Procedures**

31. Based on the facts plead above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1. Thus, Plaintiff was subjected to discrimination in violation of Civil Code § 54.1.

### CLAIM III: **Violation Of The Unruh Act**

32. Based on the facts plead above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to knowingly discriminate against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1. Plaintiff alleges the access violations alleged here are so obvious as to implicate at least a prima facie case of discriminatory intent.

33. Based on the facts plead above, Claims I, II, and III of Plaintiffs' Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a state and national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with state civil

rights laws enacted for the benefit of individuals with disabilities.

34. Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

DEMAND FOR JUDGMENT FOR RELIEF:

A. For injunctive relief pursuant to 42 U.S.C. § 12188(a).

B. For general damages pursuant to Cal. Civil Code §§ 52 or 54.3;

C. For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A);

D. In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph C above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

E. For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

F. For attorneys fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and Cal. Civil Code § 52; 54.3;

G. A Jury Trial and;

H. For such other further relief as the court deems proper.

Respectfully submitted:

Dated: August 21, 2008

**PINNOCK & WAKEFIELD, A.P.C.**

By:
/s/THEODORE A. PINNOCK, ESQ.

DAVID C. WAKEFIELD, ESQ.
Attorneys for Plaintiff